## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY SCOTT MORELAND; REBECCA JANE NICHOLS; and REBECCA JANE NICHOLS on behalf of and as next friend of J.W.S., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MAYES; CITY OF CHOTEAU; BRETT ALAN MULL; and KEISHA OBERG, <br><br> Defendants. | Case No. 20-cv-00366-WPJ-SH |

## **OPINION AND ORDER**

Before the Court is the motion of Defendant Keisha Oberg ("Oberg") to compel all three Plaintiffs to respond to her requests for production and for Plaintiff Gary Scott Moreland ("Moreland") to answer her interrogatories. Plaintiffs assert that Oberg's motion is moot, because—after the motion was filed—Moreland alone provided his discovery responses. Moreland's responses cannot moot the motion as to the other Plaintiffs, and it does not moot the entirety of Oberg's motion as to him. Plaintiffs have provided no basis justifying their failure to respond timely to discovery, and Oberg's motion will be granted.

### Background

Plaintiffs filed this lawsuit in July 2020, asserting damages relating to a search of their residence in 2017. According to Plaintiffs, members of law enforcement destroyed their property and removed virtually every item from their residence and outbuildings. (ECF No. 2-2 ¶ 12.) Plaintiffs also claim that the minor J.W.S. was traumatized and

caused unnecessary stress. (*Id.* ¶¶ 15, 17.) Plaintiffs assert they suffered over $54,000 in property damage and that they are entitled to additional actual and punitive damages. (*Id.* ¶ 18 & at 6.)

On August 16, 2022, Oberg electronically served interrogatories and requests for production on each of the Plaintiffs—Moreland, Plaintiff Rebecca Jane Nichols ("Nichols"), and Plaintiff Rebecca Jane Nichols on behalf of minor J.W.S. ("J.W.S."). (ECF No. 38-1.) After some back and forth on the lack of any response (ECF Nos. 38-2—38-4), Plaintiffs agreed to respond to the discovery requests by November 29, 2022 (ECF No. 38-5). This deadline passed without any response, and Oberg offered a new response date of December 14, 2022 (ECF No. 38-8), which Plaintiffs apparently ignored. Finally, on January 4 and 5, 2023, Plaintiffs J.W.S. and Nichols provided their answers to the pending interrogatories. (ECF No. 38-10.) Neither J.W.S. nor Nichols responded to the pending requests for documents, and no discovery responses were provided by Moreland.

Oberg then filed the current motion, asking the Court to compel Moreland to answer the pending interrogatories and all Plaintiffs to respond to the requests for production. (ECF No. 38.) Plaintiffs object, citing various impediments to their timely responses. (ECF No. 40.) Plaintiffs also note that Moreland has since answered the interrogatories on January 19th and responded to the requests for production on January 22nd, which Plaintiffs assert renders Oberg's motion moot. (*Id.*) Plaintiffs' response makes no mention of Nichols and J.W.S.'s failures to respond to the requests for production.

Oberg asks the Court to compel the missing responses, declare objections to the interrogatories and requests for production waived, and for any other relief deemed just and proper. (ECF No. 38 at 4 & 41 at 2.)

2

## Analysis

### I. Oberg's Motion is Not Moot

Moreland's belated responses to Oberg's discovery requests do not render the motion moot as to him or the other plaintiffs. In general, a matter may become moot when circumstances have changed such that it is impossible to grant any effectual relief. *Cf. Chihuahuan Grasslands All. v. Kempthorne,* 545 F.3d 884, 891 (10th Cir. 2008) (referring to mootness of a case). In this instance, Oberg is seeking multiple forms of relief from Plaintiffs. As it relates to Moreland, Oberg is seeking an order that Moreland answer the interrogatories and respond to the requests for production <u>and</u> that he be deemed to waive any objections thereto. To the extent Moreland has now provided the requested discovery, the first portion of the requested relief may be moot,[1] but the remainder of the relief sought is not. Moreover, Rule 37 requires the Court to take additional actions in the very situation faced here—when discovery is provided after a motion to compel is filed. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring the award of expenses after notice and absent certain findings). Moreland cannot deprive the Court of the power to award such relief simply by belatedly complying with his discovery obligations.

As for Plaintiffs Nelson and J.W.S., there is no indication that they have responded in any way to the pending requests for production. Defendant Oberg's motion is not moot as to them.

---

[1] Oberg asserts the discovery responses Moreland provided are "woefully deficient and incomplete." (ECF No. 41 at 1.) To the extent Oberg wishes to seek relief from the Court as to any such deficiencies, she must first confer in good faith with Moreland and file an appropriate motion with the Court.

## II. Oberg is Entitled to an Order Compelling Nelson and J.W.S. to Respond to Her Requests for Production

Pursuant to the parties' agreement, Plaintiffs Nelson and J.W.S. were to respond to Oberg's requests for production by November 29, 2022. (ECF No. 38-5.) Under Rule 37, Oberg may move for an order to compel if a party fails to produce documents as requested under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(iv). Neither Nelson nor J.W.S. has provided a legally sufficient reason for ignoring the discovery deadline. They have not, for example, sought a protective order or extension of time from the Court. An order compelling production is appropriate here.

## III. Moreland Has Waived His Objections to Oberg's Interrogatories, But Plaintiffs' Objections to the Requests for Production are Not Waived

### A. The Interrogatories

Pursuant to Rule 33, any objections to interrogatories are waived if not timely stated—unless the court, for good cause shown, excuses the failure. Fed. R. Civ. P. 33(b)(4). Moreland's responses to Oberg's interrogatories were due on November 29, 2022. (ECF No. 38-5.) Moreland freely admits that he did not respond until January 19, 2023 (ECF No. 40), after the motion to compel was filed. Therefore, any objections contained in his interrogatory responses were not timely.

Moreland does not respond to Oberg's assertion that his objections are waived, but he does note several facts in what might be an attempt to show good cause for his failure to object in a timely fashion—namely, that Moreland was incarcerated, making it difficult for counsel to complete the discovery responses, and counsel's six-day jury trial in November. (ECF No. 40.)

The Court does not find these facts to constitute good cause—at least with the information currently before it. First, while it was Moreland who would need to sign any

4

answers to the interrogatories, it was <u>counsel</u> who must sign any objections. *See* Fed. R. Civ. P. 33(b)(5). Plaintiffs' counsel does not explain why he might need to consult with Moreland before fashioning any objections and, if so, how that incarceration would prevent any such consultation from occurring in the four months the discovery requests were pending. Similarly, counsel's six-day trial, even if spread over two weeks in November, does not explain the failure to craft objections in four months. The Court takes particular note of counsel's failure to seek any agreement from Oberg's counsel (even when an additional extension was offered) or any relief from the Court. Difficulties contacting clients or a heavy caseload do not excuse ignoring deadlines or communications from opposing counsel. The Court does not excuse Moreland's failure to object to the interrogatories in a timely fashion, and—absent a finding of good cause in the future—the objections are waived.

### B. The Requests for Production

The law does not, however, support a blanket waiver of objections to the requests for production. Unlike the rule governing interrogatories, Rule 34 does not contain any provision for the waiver of objections. While some courts have ruled otherwise, the undersigned has previously reviewed the history of the two rules and relevant case law and has determined that Rule 34 does not include an automatic waiver of objections. *See, e.g., Logisys, Inc. v. Williams,* No. 20-CV-00559-GKF-SH, 2022 WL 3573209, at *2 (N.D. Okla. Aug. 19, 2022). Oberg has provided no legal support for her assertion of waiver or a basis to revisit this decision. The Court will not find Plaintiffs to have waived their objections to the requests for production.

5

### IV. Additional Relief

Finally, Oberg seeks such other relief as deemed just and proper. Because Moreland provided the requested discovery after the filing of the motion to compel and because the Court has granted the remainder of the motion,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not award such expenses if, for example, the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust. *Id.* If Oberg believes an award of expenses is warranted in this case, she may file a motion, and Plaintiffs will have the opportunity to respond.

IT IS THEREFORE ORDERED that Defendant Keisha Oberg's Motion to Compel Plaintiffs' Responses to Discovery Requests (ECF No. 38) is GRANTED. Plaintiff Nichols shall respond to *Defendant Keisha Oberg's First Set of Requests for Production of Documents to Plaintiff Rebecca Nichols* by February 9, 2022. Plaintiff J.W.S. shall respond to *Defendant Keisha Oberg's First Set of Requests for Production of Documents to Plaintiff Rebecca Nichols on Behalf of Minor J.W.S.* by February 9, 2022. Plaintiff Moreland's objections to *Defendant Keisha Oberg's First Set of Interrogatories to Plaintiff Gary Moreland* are waived, subject to any future showing of good cause.

ORDERED this 2nd day of February, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT